Tupper. In this connection it may be said, in passing, that her sailor lookout and wheelsman were not produced or accounted for.

I also find that the Greenwich kept no proper lookout. As I have said, the Tupper was lighted by electricity, and no question is made of their lacking in brightness. They simply were not seen when they first became visible, and this was probably due to the fact that Bartran and the deckhand, who was supposed to be acting as lookout, were too busily engaged in keeping each other company.

When the light of the steamer was picked up, I question if the pilot of the Greenwich appreciated the speed with which the Tupper was approaching. Had he done so, I think it likely he, realizing himself to be under the burden of keeping out of the way, would have more quickly ported his wheel, rather than to further continue upon his course until within what is estimated to be a half mile of the steamer. Even then, however, the accident might have been avoided, had the Tupper taken note of the whistle from the Greenwich. It was not, however, until some time after this that the steamer noticed the presence of the Greenwich. The emergent situation, then speedily developing, was in my judgment largely contributed to by the Tupper.

I think that the case comes within the principle suggested by the Circuit Court of Appeals for this circuit in Delaware, L. & W. R. Co. v. Central R. Co. of N. J., 238 Fed. 560, 151 C. C. A. 496, to wit:

"At all events, a navigator may not blindfold his eyes, and then say, after collision, that although he did not see her [the colliding vessel] at all, the fault under the rules was with the other vessel. The fundamental rule of the admiralty is that a vigilant lookout must be kept on all vessels, so that a collision may be prevented, even with those which are violating the rules."

A decree will be entered against each of the vessels here concerned for half damages.

---

### THE WILLIAM M. TUPPER.

### THE GREENWICH.

(Circuit Court of Appeals, Second Circuit. March 5, 1923.)

#### Nos. 149, 150.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Gulf & Southern Steamship Company, owner of the steamer William M. Tupper, against the steam tug Greenwich, with cross-libel by the Red Star Towing & Transportation Company, owner of the steam tug Greenwich, against the steamer William M. Tupper. From a decree dividing damages (291 Fed. 77), both parties appeal. Affirmed.

Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed.